IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GUILLERMO RODRIGUEZ-GARCIA,**

Plaintiff,

v.

**UNITED STATES OF AMERICA
FEDERAL BUREAU OF PRISONS,**

Defendant.

No. 3:25-cv-00605-MO

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff Guillermo Rodriguez-Garcia, an inmate at FCI Sheridan, is proceeding without counsel in this lawsuit against the United States of America Federal Bureau of Prisons (the Government). Before me is the Government's Motion to Dismiss Plaintiff's lawsuit for lack of subject matter jurisdiction and failure to state a claim, or alternatively, to transfer venue to the United States District Court for the District of Colorado. Mot., [ECF 17]. For the reasons discussed below, I grant the Government's Motion and dismiss Plaintiff's claims.

### BACKGROUND

Plaintiff alleges that he suffered lasting injuries and health issues from an assault at FCI Florence in Colorado that happened because of a correctional officer's (CO) negligence. Compl., [ECF 1] at 1–2. Plaintiff told CO Grife that he feared for his life because several inmates in his

1 – Opinion and Order

assigned cell had threatened him. *Id.* at 1. Nevertheless, CO Grife locked Plaintiff in his assigned cell with the other inmates and left. *Id.* The other inmates punched, kicked, and stomped Plaintiff, causing him severe injuries. *Id.* Plaintiff alleges that the CO's "negligent act" caused him to suffer ongoing injuries and damage to his heart. *Id.* Plaintiff brings this action under the FTCA seeking $99,000 in damages, plus costs. *Id.*at 3.

In response to Plaintiff's lawsuit, the Government moves to dismiss for lack of subject matter jurisdiction and failure to state a claim or, in the alternative, to transfer venue. [ECF 17]. When Plaintiff did not respond to the Government's Motion by the deadline to do so, I ordered him to show cause why he had failed to file a response. Order, [ECF 19]. Plaintiff subsequently moved for an extension of time to respond based on mail delays. Mot. for Extension, [ECF 20]. Accordingly, I granted Plaintiff a forty-five-day extension, making his response due no later than April 3, 2026. Order, [ECF 21]. To date, Plaintiff has not yet responded.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the court's jurisdiction bears "the burden of establishing the contrary." *Id.* Challenges to jurisdiction can be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge is confined to the allegations pled in the complaint; the challenger asserts that the complaint's allegations are insufficient "on their face" to invoke federal jurisdiction. *Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a

2 – Opinion and Order

facial challenge, the court assumes the truth of the complaint's allegations and draws all reasonable inferences in favor of the non-moving party. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

As a sovereign, the United States "is immune from suit unless it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Waivers of sovereign immunity must be "strictly construed" in the United States's favor and narrowly read. *United States v. Idaho*, 508 U.S. 1, 6–7 (1993). Because a suit against a federal agency that seeks relief against the United States is effectively a suit against the sovereign, principles of sovereign immunity apply when a federal agency is sued. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687–88 (1949).

### B.    Rule 12(b)(6) – Failure to State a Claim

A district court must dismiss any complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim pleads facts that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. In determining whether a plaintiff has alleged facts that would entitle him to relief, the court must construe the complaint in the light most favorable to the plaintiff. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). This is especially true when a plaintiff is proceeding without counsel; the court must construe pleadings liberally in the

pro se litigant's favor. *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

### C.    28 U.S.C § 1404(a) – Transfer of Venue

A district court has discretion to transfer a civil action to any other district if the plaintiff could have originally filed in the court to which transfer is proposed. 28 U.S.C § 1404(a). When considering a motion to transfer, the court must weigh multiple factors to determine whether transfer is appropriate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). What the court may consider includes: (1) the location where the relevant events happened, (2) plaintiff's choice of forum, (3) the respective parties' forum contacts, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the cost of litigation between the two forums, (6) ease of access to sources of proof, and (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses. *See id.*

## II.    Analysis

### A.    Plaintiff's Negligent Response to Threat Claim

Plaintiff appears to challenge a cell assignment decision made by a CO at FCI Florence in Colorado. [ECF 1] at 1 (CO Grife forced Plaintiff to remain in his assigned cell despite several inmates in that cell threatening Plaintiff). The Government argues that I lack subject matter jurisdiction over this claim because it challenges a discretionary function. [ECF 17] at 6, 9–11.

The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct by government employees acting within the scope of employment. 28 U.S.C § 1346(b)(1). Excepted from this broad waiver, however, is "[a]ny claim . . . based upon the exercise

or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved is abused." 28 U.S.C § 2680(a). This exception prevents "judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984). Congress believed that imposing liability on the government for its employee's discretionary acts "would seriously handicap efficient government operations." *United States v. Gaubert*, 499 U.S. 315, 323 (1991). The United States bears the burden of proving the applicability of the discretionary function exception. *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015).

The Ninth Circuit applies the two-part *Berkovitz-Gaubert* test to determine if the discretionary function exception bars a plaintiff's tort claim. *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008); *see also Berkovitz v. United States*, 486 U.S. 531 (1988) (describing the two-part test that guides the discretionary function exception inquiry). Under this test, I first determine if "the challenged action involves an element of judgment or choice." *Terbush*, 516 F.3d at 1129. Second, if there is not specific action prescribed for an employee to follow, I consider if the "judgment is of the kind of discretionary function exception was designed to shield." *Id.* If I determine the government employee's conduct meets the two-part test, the discretionary function exception applies. *See id.*

Here, the alleged negligent act is returning Plaintiff to his assigned cell where he was threatened by other inmates. [ECF 1] at 1; *see also id.* at 1 (the CO's "negligent act" of locking Plaintiff in his assigned cell resulted in "ongoing injuries and damage to his heart"). No prison rule mandated that the CO return Plaintiff to his assigned cell; accordingly the decision to do so

5 – Opinion and Order

involved making a judgment. *See Alfrey v. United States*, 276 F.3d 557, 565 (9th Cir. 2005). The Ninth Circuit has held that type of discretionary judgment "is the kind protected by the discretionary-function exception." *Id.* "[T]o decide what steps to take in response to a reported threat, an officer must set priorities among all the extant risks: the risk presented by the reported threat, along with the other risks that inevitably arise in prison." *Id.* Based on the record, I find that the government has established that the CO's decision to return Plaintiff to his assigned cell after Plaintiff reported that his cellmates threatened him was grounded in policy considerations, and 28 U.S.C § 2680(a) bars Plaintiff's negligence claim.

**B.    Plaintiff's Inadequate Medical Care Claim**

The Government argues that to the extent Plaintiff alleges inadequate medical care, I should dismiss this claim. [ECF 17] at 13–14. As the Government notes, Plaintiff alleges only negligence claims in his Complaint, but he makes conclusory statements in Attachment A to his Complaint that he was not provided with adequate medical care. *See* [ECF 1] at 1, 6. I agree with the Government that Plaintiff's statements about inadequate medical care fail to state a cognizable claim for relief. Fed. R. Civ. P. 12(b)(6). Even liberally construing Plaintiff's pleadings, *see Rand*, 154 F.3d at 957, he does not state facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. Accordingly, to the extent Plaintiff makes an inadequate medical care claim, I dismiss this claim without prejudice. *See Lopez*, 203 F.3d at 1127.

**C.    The Government's Alternative Motion to Transfer Venue**

Finally, the Government urges me to transfer this case to the United States District Court for the District of Colorado if it is not dismissed. Because I find that I lack subject matter jurisdiction to consider Plaintiff's FTCA negligence claim and dismiss his inadequate medical care

6 – Opinion and Order

claim, to the extent he has one, I need not consider the Government's alternative argument at this time.

## CONCLUSION

I grant the Government's Motion to Dismiss or Transfer Venue. [ECF 17]. I dismiss Plaintiff's negligence claim with prejudice under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. I dismiss Plaintiff's inadequate medical care claim without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In an abundance of caution, I grant Plaintiff leave to file an amended claim for inadequate medical care. Any amended complaint must be filed within thirty days of the date that this Opinion and Order is filed and must not include any claims related to the CO's negligence. Failure to file an amended complaint within the allotted thirty days will result in dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED this 22d day of April, 2026.

MICHAEL W. MOSMAN
United States District Judge

7 – Opinion and Order